UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ALEXANDER JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3613 |
| | § | |
| IAN D BATES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>OPINION AND ORDER</u>

Pending before the Court is the Motion to Dismiss filed by Fort Bend County Defendants: Judge Susan G. Lowery, County Clerk Dianne Wilson, and First Assistant County Attorney Mary E. Reveles (Doc. 3) and the Motion to Dismiss filed by the Mann & Stevens, P.C. Defendants: Lori V. Graham and Diana E. Stevens (Doc. 21).  Defendant Ian D. Bates was never properly served in this matter.  Plaintiff James Alexander Johnson filed responses to each of the motions to dismiss (Docs. 9 and 23, respectively).  Having considered the pleadings, responses, and the applicable law, the Court concludes that the motions should be granted.

## I.    Background

This action arises from an interpleader action brought in Texas state court in Fort Bend County. Some time prior to August 2006, Johnson failed to pay the mortgage on a home he owned in Missouri City, Texas, which resulted in a non-judicial foreclosure sale.  Pl. Original Compl. ¶¶ 8–9 (Doc. 1).  Defendants Graham and Stevens of the law firm Mann & Stevens, P.C. acted as counsel for the Mortgagee, Federal National Mortgage Association ("FNMA"), during the foreclosure.  *Id.* ¶ 9.  After the foreclosure, excess proceeds from the sale totaling $30,369.95 were applied pursuant to the Deed of Trust.  *Id.* ¶¶ 9–10.  Graham and Stevens mailed Johnson a

check along with a "release and indemnification agreement" in consideration for receiving the proceeds. *Id.* ¶ 10. Johnson responded to the release by requesting "an itemized accounting of expenses required by established law: Texas Disciplinary Rules of Professional Conduct Rule 1.5 Safekeeping Property." *Id.* ¶ 11. Johnson claims he never received the accounting and therefore refused to sign the release and did not accept the proceeds. *Id.* ¶ 14.

In January 2009, Graham, Stevens, and Bates, another attorney for FNMA, filed an interpleader action styled as styled Mann & Stevens, P.C. v. James Alexander Johnson in Fort Bend County Court at Law No. 3 and deposited the excess proceeds into the registry of the court. *Id.* ¶¶ 14, 33. Plaintiff did not appear for trial in the interpleader action on November 17, 2011 and the court entered a default judgment. *Id.* ¶ 32. In accordance with the default judgment, Plaintiff received a check in the amount of $28,748.52—the excess proceeds less the $1,250.00 in attorney's fees and $589.74 in costs associated with bringing the interpleader action which were awarded to Mann & Stevens, P.C. *Id.* Plaintiff returned the check to the court, stating that he never received notice of the trial and never received an itemized accounting of expenses. *Id.* Johnson did not pursue any appeal, and after all post-trial deadlines had expired, he filed the instant action in this Court.

Here, Johnson alleges that the Defendants form a criminal "enterprise" and that their handling of his interpleader action constitutes a "pattern of racketeering activity" in violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq. Id.* ¶ 41–43. According to Plaintiff, the object of the Defendants' "conspiracy" is to not "send and inform [him] of the itemized accounting of expenses, as required by law, because [Defendants] made improper and unauthorized payments of monies recovered from the non-judicial foreclosure sale." *Id.* ¶ 82. Johnson alleges he was injured by "loss of money and access to

money proximately and directly caused by the unlawful expenditure of funds, failure and blatant refusal to provide an itemized accounting of expenses deposited in the registry of the court and by the holding [of] a bogus and unnecessary trial on November 17, 2010 with deliberate and specific intent not to notify [] Plaintiff."  *Id.* ¶ 45.  Johnson requests $65,000 in compensatory damages, as well as treble and punitive damages against all Defendants.

The Fort Bend County Defendants and the Mann & Stevens, P.C. Defendants move to dismiss this case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* Doctrine and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Johnson filed a response in which he argues that the *Rooker–Feldman* Doctrine does not apply because his "RICO case is not an appeal, review of errors or challenge of a state court decision…This lawsuit is about crimes and invokes the original jurisdiction of the United States District Court."  Pl.'s Response to Def.'s Mot. to Dismiss at p. 2 (Doc. 23).

## II.    Legal Standard

### A.    *Federal Rule of Civil Procedure 12(b)(1)*

 "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).  It is fundamental that federal courts must establish subject matter jurisdiction prior to reaching the substantive claims of a lawsuit.  *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012).  If the court lacks either the statutory or constitutional authority to adjudicate a claim, then the claim shall be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).  *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).  The requirement that jurisdiction be established as a threshold

matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, (1884).

### B.   *Rooker–Feldman Doctrine*

"It is beyond peradventure that the federal courts, save for the U.S. Supreme Court, have no authority to review, modify, or reverse final judgments of a state court." *Williams v. Liberty Mutual Ins. Co.*, No. 04-30768, 2005 WL 776170 (5th Cir. 2005) (citations omitted).   The *Rooker–Feldman* Doctrine bars a federal court from entertaining collateral attacks on state court judgments.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) (the jurisdiction of the District Court "is strictly original"); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings").   Under this doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments" that are "rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460, 463 (2006). Where a district court is "confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review." *U.S. v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

## III.   Discussion

Here, Johnson's RICO claims against the Fort Bend County Defendants and the Mann & Stevens, P.C. Defendants are "inextricably intertwined" with a final state-court judgment. Johnson's complaint hinges on the argument that he was injured by the filing of the state court interpleader action and the outcome thereof.   Any argument that this RICO lawsuit is

"independent from the state law judgment" is entirely unavailing, and his claim that the state court officers and opposing counsel in the state court proceeding were engaged in a criminal conspiracy to withhold from him an accounting of the foreclosure proceeds is completely frivolous.  This suit is plainly a collateral attack on the state court's judgment.  Thus, this Court lacks jurisdiction and the claims against all Defendants are dismissed under Rule 12(b)(1).

**IV.**     **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that the Motion to Dismiss filed by Fort Bend County Defendants: Judge Susan G. Lowery, County Clerk Dianne Wilson, and First Assistant County Attorney Mary E. Reeves (Doc. 3) and the Motion to Dismiss filed by the Mann & Stevens, P.C. Defendants: Lori V. Graham and Diana E. Stevens (Doc. 21) are **GRANTED**, and Plaintiff James Alexander Johnson's case is **DISMISSED**.

SIGNED at Houston, Texas, this 20th day of February, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE